# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

Case No.

**LILIA BELKOVA RUSSO**

    Plaintiff

vs.

**JUDGE JACOB A. BROWN,**
**Chief Judge of Florida's 15th Judicial Circuit**
**Honorable Glenn Kelley,**
**Hon. Judge Sarah L. Sulman,**
**Clerk of Court of Palm Beach County,**
**Clerk of 4 DCA of Florida**
**Forth District Court of Appeal of Florida,**
**PALM BACH COUNTY SHERIFF'S**
**OFFICE,**
**J. Levey, and**
**J. Snietka,**

    Defendants

_____ /

## COMPLAINT

Plaintiff, LILIA BELKOVA RUSSO, sues Defendants, JUDGE JACOB A. BROWN, Bankruptcy judge in Middle District of Florida, JUDGE JACOB A. BROWN, Chief Judge of Florida's 15th Judicial Circuit, Honorable Glenn Kelley, Hon. Judge Sarah L. Sulman, Clerk of Court of Palm Beach County, Clerk of 4DCA of Florida, Forth District Court of Appeal of Florida,

PALM BACH COUNTY SHERIFF'S OFFICE, J. Levey in his individual capacity, and J. Snietka, in his individual capacity, and alleges the following:

## JURISDICTION

1. This is an action for damages, and injunctive and declaratory relief to redress Defendants' deprivation of Plaintiff's rights, secured to her by the laws and Constitution of the United States and the State of Florida. This action arises under 42 U.S.C. § 1983 for which this Court has jurisdiction.

3. Attorneys' fees and costs are sought pursuant to 42 U.S.C. § 1988.

4. All acts of Defendants and their agents have been taken under color of state law.

## PARTIES

5. Plaintiff **LILIA BELKOVA RUSSO** is a natural person residing at 14701 NW 83rd PL Morriston, in Marion County, Florida.

6. **JUDGE JACOB A. BROWN, Bankruptcy Judge in Middle District of Florida**

7. Defendant **PALM BEACH COUNTY SHERIFF'S OFFICE** (hereinafter referred to as "Sheriff's Office") is a Sheriff's Office formed pursuant to Florida law, and headed by Sheriff Rick Bradshaw, and at all material times employed various deputy sheriffs, including the individually-named defendants in this case.

8.    Defendants **J. SNIETKA,** and **J LEVEY**, were at all material times deputy sheriffs, and are sued individually.

9.    Hon. Judge Sarah L. Sulman

10.    Hon. Judge Daniellee Sherriff.

## **FACTS**

1.Plaintiff Lilia Belkova Russo  in her individual capacity became co-owner of horse farm, which she has build on her mother's land in 2012. The property was purchased by Anisa Nazarova , Plaintiff's Mother in 2004 into the Trust, of which Hanratty was initial Trustee without any powers granted to him by the deed to convey, encumber, defend , etc.  Russo became a Successor Trustee in 2012.

Lilia Belkova in her representative capacity as Successor Trustee of Trust 072003 is a party separate and distinct from  Lilia Belkova Russo in her individual capacity. Trustee acts in a representative capacity and must be represented by an attorney, while individual may represent only herself and may act pro se.

2.    Deer Run Property owner's Association, who was Plaintiff and Appellee in state court lien foreclosure action on Russo's homestead property without suing Russo individually, by it's intentional misrepresentations to the trial and appellate courts created confusion, which resulted in the clerk of 4DCA and the Appellate Court judges

conflating two separate Parties/Defendants, who filed two separate Notices of Appeal in the case 4D212924 on October 12, 2021 and October 13th, 2021 (Lilia Belkova Russo in her individual capacity as natural person Tenant One who is also the beneficiary of the Trust and co-owned her homestead horse farm with her mother Anisa Nazarova) and Lilia Belkova Russo in her fiduciary capacity as Successor Trustee of Trust 072003) into one person "Appellant" and losing the Appellant Lilia Belkova individually Tenant Number One completely in the Appellate Opinion in the case 4D21-2924 and subsequently affirming in cases 4D22-1202 and 4D22-0072, denying each party who invoked Appellate Court Jurisdiction by filing it's own Notice of Appeal the due process to proceed with their own separate appeal as of right.

3.          In the Trial Court in it's Complaint for Foreclosure the Plaintiffs states: " Plaintiff... files this action against defendants, LILIA BELKOVA AS SUCCESSCE TRUSTEE OF THE LAND TRUST AGREEMENT, NO: 072003 DATED 2/9/04 ("OWNER"), UNKNOWN TENANT ONE and UKNOWN TENANT TWO...". [R. 27].

5.          Complaint contains two counts against the "OWNER" (Successor Trustee in representative capacity only).

6.          The single averment in the Complaint concerning other defendants is in paragraph 16 on page three, stating: "Defendants, UNKNOWN TENANT ONE and UNNKOVVN TENANT TWO, if any, may claim an interest in the subject property by virtue of a lease or rental agreement, either written or oral, or by

possession of said property. Said interest is subject, subordinate and inferior to the interest of Plaintiff, DEER RUN".

7.       Appellant individually was a party in the trial court in her individual capacity, she appeared without being served a summons and filed her Answer and Affirmative Defenses, containing counterclaims and request for jury trial and demand for attorney's fees stating that she is Defendant Tenant One who holds a long term lease but also is the beneficiary of the Trust 072003. [R. 89-100]. She filed it pro se and on her personal behalf only and not in her representative capacity as a Successor Trustee of the Trust Agreement 072003, which was a different party Defendant, who is being sued in representative capacity and therefore like a corporation must be represented by an attorney and would be guilty of unlawful practice of law if proceeds pro se. (Please see EHQF Tr. v. S & A Capital Partners 947 So. 2d 606 (Fla. 4th DCA 2007).

8.       Her individual ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES clearly stated: "Comes now Lilia Belkova, INDIVIDUALLY, the defendant TENANT ONE in this action and states that she is the tenant who holds a Commercial Lease on the horse farm owned by the Trust 072003 of which Trust she is also a beneficiary and hereby sets forth her Answer and Affirmative defenses as follows: ..."(emphasis added). [R. 89].

8.          In response to averment 16 of the Complaint she admitted to possession of the property but denied that her interest in the property is subordinate and inferior to the interest of plaintiff. [R. 91].

9.          No Pleading was filed by or on behalf of Defendant Lilia Belkova as Successor Trustee of Trust Agreement 072003 by Lilia Belkova without and attorney. No default was ever entered. Answer and Affirmative Defenses filed by attorney shortly before the Summary Judgement Hearing was refused by the Court.

10.          Contrary to the authority of EHQF Tr. v. S & A Capital Partners 947 So. 2d 606 (Fla. 4th DCA 2007) and without consent of Defendants, the trial court issued an order to deem the pleading, which Russo filed only on her individual behalf pro se as tenant and beneficiary in her capacity as a natural person, to be deemed the operative pleading for the Trust as well as for her individually- the "Answer".

12.          The Order denying Plaintiffs Motion for Default against the Successor Trustee, stated:: "The Answer deemed filed on behalf of Defendant, LILIA BELKOVA, INDIVIDUALLY AND AS SUCCESSOR TRUSTEE OF THE LAND TRUST AGREEMENT NO: 072003 DATED 2/9/04. Defendant has thirty (30) days to amend the answer" (The order attached as Exhibit "DOC. 3").

**13.** That Order, which initially violated both parties Due process rights, aled to the trial Court and appellate Court eventually mistakenly conflating two separate parties in two different capacities into one "Defendant" leaving out "Appellant Lilia Belkova Individually TENANT ONE" as a separate Appellant.

**0.** Russo was deprived of her due process rights to represent herself as individual beneficial owner and to enforce Against Association the Sixth Amended Bankruptcy Plan, which the Bankruptcy Court confirmed on May 15, 2017 against Association's objection, and which states that Association "shall be compelled by this Plan to accept payments on post-petition HOA dues/fees directly from Debtor" (Paragraph 7 on page 3). Debtor was Lilia Belkova Russo in her individual Chapter 12 reorganization bankruptcy. Successor Trustee of Trust 072003 was never a party to any bankruptcy case. Russo was making payments in tens of thousands every year under her Confirmed Bankruptcy Plan (see pages 8 and 9 of Order Confirming Chapter 12 Plan Allowing Claims And Directing Distributions).

15. Russo was building equity in the farm properties and filed motion in the trial court to compel the Association to comply with the terms, which by it's own terms and under the law is binding on the Association like a contract with Debtor Lilia Belkova Russo individually, co-owner of the property.

**16.** Trial Court never ruled on the merits of Russo's Emergency Motion for Determination of Total Amount Claimed and Permission to Post the Money into the Registry of the Court and for Extension of Time to File Amended Affirmative

Defenses, in which she was seeking to Amend her Answer and Affirmative defenses, to post money into registry of the court and to compel Deer Run HOA to accept the payments of past and current assessments, which motion she filed pro se on her individual behalf on 08/07/2019 (attached as Exhibit "Doc. 6") and trial court issued the order (attached as Exhibit "Doc. 7"), denying motion as an emergency, stating that it "shall be set in the regular course in accordance with Rules of Civil procedure and divisional rules. Russo's Motion was never heard and ruled on, the Court foreclosed and sold the property.

17.    Despite there being no adjudication of Russo's property ownership rights and judgement against Russo individually and despite her Declaration of homestead being filed in official records, Clerk of Palm Beach County has changed the caption on the Certificate of Title to add Lilia Belkova in her individual capacity as the owner defendant to the caption. The Clerk then issued Writ of Possession ordering to remove "all persons" from homestead property that Belkova Russo and Nazarova were in possession of and were running business on continuously since before the lis-pendenc time.

18.    On 01/10/2022 Judge Danielle Sheriff Denied Russo's motion to stay writ of possession, despite County Court having no jurisdiction to eject the owner from her Homestead and without having a judgement against her individually.

18.    Deputy Sheriffs then prohibited Russo from taking the belongings and all personal and business property of Nasarova and Belkova treating her like an evicted tenant and not the owner. He acted under color of law .and allowed others to have the personal property under fret of arresting Russo.

## COUNT I

## Failure to Provide Adequate Notice and Hearing
## Due Process Clause
## (Fourteenth Amendment of the U.S. Constitution via 42 U.S.C. § 1983)

0.    Russo realleges and incorporates by reference every allegation set forth in paragraphs 1-18

1.    The Fourteenth Amendment to the U.S. Constitution provides, "kilo State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV ("Due Process Clause").

21.    Russo is a "person" protected by the Due Process Clause.

22.    The Defendants deprived Russo of her property and Rights while acting under "color of state law".

23.    The Defendants did not provide Russo with an adequate process for ejectment or for taking of her homestead property and proceeds from sale of her homestead real property, for taking her personal property and the business assets of her mother Anissa Nazarova (joint owner of the farm at the time ), of which Russo and Nazarova had possession and joint control as they were in possession of this farm at the time of these violations of her substantive rights, and conducting together with her mother family farm business on that farm as well as on other rural properties in Florida.

By the actions set forth above, Defendants has deprived Plaintiff of her homestead real property, business, and personal property without due process of law.

## COUNT II

## Unconstitutional Judicial taking of property in violation of the Fifth Amendment to the United States Constitution and in violation to constitutional due process.

Russo realleges and incorporates by reference every allegation set forth in paragraphs 1-18

24. Russo enjoys the existence of an established, settled common law property right , which the courts declines to acknowledge or vindicate in the course of interpreting state law.

25. That converts Russo's private property into public property distributed between other persons.

26. Russo receives no just compensation in return. In other words in that way a court dispossesses the private property owner of a property right analogous to a classic taking (physical dispossession) or a regulatory taking (restricted use).

## COUNT III

## Violation of the homestead property protection provided by the Florida Constitution.

Russo realleges and incorporates by reference every allegation set forth in paragraphs 1-18

The "taking" of the property and the sales proceeds from Russo's homestead without due process to her also violated the homestead property protections that the Florida Constitution provides.

Russo as the co-owner of the property and member of the HOA was denied the right to pay the pay post-petition assessments on the property as provided by her Confirmed Chapter 12 Bankruptcy plan. The HOA governing documents did not allow Association's attorneys fees to become a lien that can be foreclosed on the property. Attorneys' fees could only be a money judgement, which cannot be foreclosed on homestead. Additionally Russo in her individual capacity was not sued for any damages and attorneys fees. Nor was she sued to foreclose her property rights or for ejectment. County Court does not have jurisdiction for an action of ejectment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lilia Russo, respectfully requests that this Court:

1. Enter judgment in favor of Plaintiff and against Defendants

2.. Issue a declaratory judgment pursuant to 28 U.S.C. § 2211 and Fed. R. Civ. P. 57, that Defendants deprived Russo of property without due process of law

Enter a prospective injunction against futher violation of Plaintiff's constitutional rights,

3. Enter a judgment for damages under 42 U.S.C. § 1983 for Defendants' violation of Plaintiff's civil rights, in an amount to be determined at trial;

5. Allow a reasonable attorneys' fee costs under 42 U.S.C. § 1988; and

6. Grant any other relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

DATED: January 12, 2026.

Respectfully submitted,

*/s/ Lilia Belkova Russo*

Dr. Lilia Belkova Russo 14701 NW 83rd PL

Morriston, FL 32668
DrLiliaBelkovaggmail.com.